IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| WARREN OIL COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 05-1158-T/An |
| | ) | |
| NUOIL, INC. and RICKY SOWDER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT

The plaintiff, Warren Oil Company, Inc., has filed a motion for entry of default judgment against defendants Nuoil, Inc. and Ricky Sowder. The motion must be denied, as plaintiff has failed to obtain the entry of default by the Clerk of Court.

Rule 55 of the Federal Rules of Civil Procedure governs defaults and default judgments. Section (a) of Rule 55 deals with entry of a default by the Clerk, and section (b) deals with entry of a default judgment, either by the Clerk or by the Court itself. Entry of a "formal" or "technical" default under section (a) is different from, and must precede, entry of a default judgment under section (b). See Arango v. Guzman Travel Advisors, 761 F.2d 1527, 1530 (11th Cir.), *cert. denied*, 474 U.S. 995 (1985); Atlanta Gas Light Co. v. Semaphore Adver., Inc., 747 F. Supp. 715, 718 (S.D. Ga. 1990). Entry of a default by the Clerk is the "first procedural step on the road to obtaining a default judgment," and must be

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on  10-06-05

obtained before a default judgment may be granted. Shepard Claims Serv., Inc. v. William Darrah & Assoc., 796 F.2d 190, 193 (6th Cir. 1986); see also United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 844 (6th Cir. 1983); United States v. 8771 Lake Road, 818 F. Supp. 199, 201 (W.D. Mich. 1992) (default encompasses two steps: first, entry of default and then a subsequent default judgment); Piercey v. Miami Valley Ready-Mixed Pension Plan, 110 F.R.D. 294, 296-97 (S.D. Ohio 1986).

In order to obtain the entry of default under Rule 55(a), an application for entry of default should be filed with the Clerk, along with an affidavit or other competent proof of the defendant's failure to plead or otherwise defend the action. The Clerk will examine the application and, if the requirements of Rule 55(a) are met, certify that the defendant is in default. Then the plaintiff may file a motion for default judgment, accompanied by the Clerk's certificate of default. Since plaintiff has not obtained the entry of default by the Clerk, the motion for a default judgment is premature. Therefore, the motion for default judgment is DENIED.

IT IS SO ORDERED.

_James D. Todd_
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_4 October 2005_
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 14 in case 1:05-CV-01158 was distributed by fax, mail, or direct printing on October 6, 2005 to the parties listed.

---

Anthony J. Biller
COATS & BENNETT, PLLC
1400 Crescent Green
Ste. 300
Cary, NC 27511

Rebecca E. Crandall
COATS & BENNETT, PLLC
1400 Crescent Green
Ste. 300
Cary, NC 27511

Larry L. Coats
COATS & BENNETT, PLLC
1400 Crescent Green
St. 300
Cary, NC 27511

Mary Katherine Hovious
BASS BERRY & SIMS PLC- Memphis
100 Peabody Place
Ste. 900
Memphis, TN 38103

John S. Golwen
BASS BERRY & SIMS PLC- Memphis
100 Peabody Place
Ste. 900
Memphis, TN 38103

Honorable James Todd
US DISTRICT COURT